# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: November 21, 2018

```
* * * * * * * * * * * * *
CHRISTINE TODISH,              *
                               *    No. 16-275V
         Petitioner,           *    Special Master Sanders
                               *
v.                             *
                               *    Dismissal; Insufficient Proof;
SECRETARY OF HEALTH            *    Gardasil Vaccine; Telogen Effluvium
AND HUMAN SERVICES,            *
                               *
         Respondent.           *
* * * * * * * * * * * * *
```

Mark Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
Robert Coleman III, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

      On February 26, 2016, Christine Todish ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Program" or "Act").  42 U.S.C. § 300aa-10 to -34 (2012).[2]  Petitioner alleged that she suffered from Telogen Effluvium as a result of the Gardasil vaccinations she received on November 15, 2012, January 11, 2013, and May 21, 2013.  Petition, ECF No. 1.  The information in the record, however, does not show entitlement to an award under the Program.  On November 19, 2018, Petitioner submitted a Motion to Dismiss her petition.  ECF No. 62.  Respondent did not object to Petitioner's Motion.  Id. at 1.

      To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine.  See §§ 13(a)(1)(A), 11(c)(1).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury."  Further, the record does not contain evidence that the injury alleged by Petitioner was caused by the Gardasil vaccinations.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99–660, 100 Stat. 3755.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim. Although Petitioner has filed three expert reports in support of her claim, the reports opine on a diagnosis—alopecia areata—which is neither alleged in the petition nor contained in the medical records. *See* Pet'r Exs. 6, 54, 60, ECF Nos. 36, 49. Petitioner was unable to secure a medical expert to confirm a diagnosis of the injury alleged in her petition—Telogen Effluvium. *See* ECF No. 58. Therefore, in the absence of evidence to support Petitioner's claim that her vaccinations caused her alleged injury, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master