# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 10, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| CHRISTINE TODISH, | * | No. 16-275V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
Robert P. Coleman, III, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 26, 2016, Christine Todish ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that she suffered from Telogen Effluvium as a result of the Gardasil vaccinations she received on November 15, 2012, January 11, 2013, and May 21, 2013. On November 19, 2018, petitioner submitted a Motion to Dismiss her petition. ECF No. 62. On November 21, 2018, the undersigned issued her Decision dismissing the petition for insufficient proof. ECF No. 63.

On March 31, 2019, petitioner filed an application for attorneys' fees and costs. ECF No.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

67 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $37,291.34 (representing $18,215.29 in fees and $19,076.05 in costs). Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred $52.72 in costs related to the prosecution of her petition. *Id*. at 1. Respondent responded to the motion on April 12, 2019, stating that "[r]espondent defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 68). Petitioner filed a reply on April 19, 2019, noting that the motion for fees and costs contained an incorrect invoice from petitioner's expert and providing the correct invoice along with a corrected amount for total compensation (which is reflected above). Reply at 1, ECF No. 69.

This matter is now ripe for consideration.

**I.     Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

    a.  **Hourly Rates**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of*

*Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests that her counsel, Mr. Mark Sadaka, be compensated at $362.95 per hour for work performed in 2016, $376.38 per hour for work performed in 2017, and $396.00 per hour for work performed in 2018, and $406.00 per hour for work performed in 2019. Fees App. at 2. Petitioner also requests that various paralegals who performed work on this case be compensated at $140.00 to $156.00 per hour, depending on the year the work was performed in and the paralegal. *Id.* The rates petitioner is requesting for Mr. Sadaka are consistent with what he has previously been awarded for his work in the Vaccine Program. Accordingly, no adjustment to rates is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the billed hours (59.1) to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review the undersigned does not find any of the billing entries to be unreasonable. Respondent has also not indicated that he finds any of the billing entries to be unreasonable. Accordingly, petitioner is entitled to final attorneys' fees in the amount of **$18,215.29**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $19,076.05 in attorneys' costs. Most of this amount ($18,500.00) is for work performed by petitioner's expert, Dr. Yehuda Shoenfeld. Reply, Ex. 1 at 1. The billing records indicate that Dr. Shoenfeld performed 37 hours of work billed at $500.00 per hour. The undersigned has previously found $500.00 per hour to be a reasonable rate for Dr. Shoenfeld's work. *See Johnson v. Sec'y of Health & Human Servs.*, No. 10-578V, 2017 WL 1881005, at *4 (Fed. Cl. Spec. Mstr.

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Apr. 14, 2017). Additionally, the hours appear reasonable for review of the medical records, drafting two reports, and reviewing the reports of respondent's experts.

The remainder of the costs are for acquisition of medical records, postage, and the Court's filing fee. Petitioner has provided adequate documentation supporting these costs and all appear reasonable in the undersigned's experience. Accordingly, petitioner is entitled to the full amount of attorneys' costs sought.

### d. Petitioner's Costs

Pursuant to General Order No. 9, petitioner states that she has personally incurred $52.72 in costs for an independent medical examination. Because petitioner was not awarded compensation, reimbursement for medical costs is typically not awarded. However, in this instance the undersigned finds that this medical exam was done in furtherance of the litigation and thus is reimbursable. *See* Scheduling Order dated September 20, 2018, ECF No. 58 (noting that the medical exam was requested to confirm petitioner's diagnosis and strengthen her claim). Petitioner has supported this cost with adequate documentation, and it shall be reimbursed in full.

## II.    Conclusion

Based on all the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $18,215.29 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$18,215.29** |
| | |
| Attorneys' Costs Requested | $19,076.05 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$19,076.05** |
| | |
| **Total Attorneys' Fees and Costs** | **$37,291.34** |
| | |
| **Total Petitioner's Costs** | **$52.72** |
| | |
| **Total Amount Awarded** | **$37,344.06** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $37,291.34, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Mark Sadaka; and**

2) **A lump sum in the amount of $52.72, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).